# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR., )
          Petitioner, )     3:05-cv-00367-LRH-RAM
vs. )     ORDER
E.K. McDANIEL, *et al.,* )
          Respondents. )
                                    /

This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Felton L. Matthews, a Nevada prisoner. On March 7, 2006, this Court denied the petition for writ of habeas corpus (docket #35). Judgment was entered the next day (docket #36). Petitioner filed numerous motions with the Court asking the Court to correct, reconsider, re-open or overturn its judgment denying the habeas corpus petition (docket #38, #41, #44, #51, #59, #64, #65, #73, and #74). The Court denied these motions (docket #76). The Ninth Circuit Court of Appeals denied his appeals and requests for a certificate of appealability (docket #82 and #83). Then, on September 25, 2007, this Court denied petitioner's petition for writ of mandamus, motion to correct the record, motion for leave to file supplement actions, and various other motions (docket #88).

This Court received a motion to reopen the case on June 15, 2009 (docket #89). Petitioner alleges that the Court should reopen the case as any new habeas corpus petition filed at this point would be construed as successive. Petitioner states that there is new evidence available now that was unavailable at the time he filed his habeas corpus petition. Petitioner contends that the new evidence was not available at the time of the procedural default due to outrageous government conduct by

actors at Clark County Detention Center. Petitioner states that he was improperly labeled as a violent homosexual which negatively affected his custody status at CCDC and within the Nevada Department of Corrections. Petitioner also states that the District Attorney admitted that a CCDC actor's misrepresented a victim impact statement.

The Court will treat the motion as a motion for reconsideration. Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Furthermore, a "habeas petitioner may move for relief from the denial of habeas under Rule 60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005)).

Moreover, Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

The Court will deny the motion to reopen or motion for reconsideration. Petitioner has not

explained how his status as a violent homosexual related to the denial of his habeas corpus petition. Moreover, petitioner has not shown the Court that an alleged misrepresentation of a victim impact statement changed the outcome of his sentence, and also related to the denial of the habeas petition in this case. This Court found petitioner's sentence to be legal and within the bounds of the Nevada statute. While it appears that petitioner has shown "extraordinary circumstances" that prevented him bringing this evidence to the Court prior to the denial of the habeas corpus petition, there is no indication that this evidence would have changed the outcome of the case or this Court's determination that the habeas corpus petition was without merit. *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004).

Petitioner has failed to make an adequate showing under Rule 60(b) that this Court's order denying the petition for writ of habeas corpus should be reversed.

**IT IS THEREFORE ORDERED** that the motion to reopen (docket #89) is **DENIED**.

DATED this 14th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE