# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FELTON L. MATTHEWS, JR., | ) |
|  Petitioner, | ) 3:05-cv-0367-LRH-RAM |
| vs. | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
|  Respondents. | ) |

This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Felton L. Matthews, a Nevada prisoner. On March 7, 2006, this Court denied the petition for writ of habeas corpus (docket #35). Judgment was entered the next day (docket #36). On October 14, 2009, the Court denied a motion to reopen the case, construing the request as one for reconsideration of the previous denial of the petition (docket #91). Since that time, petitioner has filed numerous additional motions asking the Court to reconsider its order denying reconsideration, to allow petitioner to supplement the motion for rehearing, to allow an evidentiary hearing and discovery, and to allow an amended petition, which respondents have opposed (dockets #92, #93, #94, # 96, #97, #98, and #101). As previously noted by this Court, the Ninth Circuit Court of Appeals denied his appeals and requests for a certificate of appealability (docket #82 and #83).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Federal Rule of Civil

Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). As with the previous post-judgment motions, the most recent filings by petitioner shall be denied because he has failed to demonstrate how any new evidence, now available or suggested to exist but awaiting discovery, would have a favorable impact on his conviction or sentence.

Additionally, the clerk shall be advised that no further pleadings, motions, or other documents will be accepted or filed in this action.

**IT IS THEREFORE ORDERED** that all pending motions in this matter (docket dockets #92, #93, #94, # 96 and #97) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not accept or file any further documents, motions, or correspondence received from petitioner in this matter.

Dated this 8th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2